The last case of the day, placed over argument of the day, number 22-1421, Murphy v. Schaible. You may proceed. Good morning and may it please the court. My name is Kendra Beckwith and I'm here today on behalf of the appellant Thomas Schaible. This case begins with the very simple and undisputed fact that plaintiff and husband were joint tenants on the SSN account, which meant that each possessed the entire account, not a fractional share therein. So the question before you today is whether my client, who was the investment advisor to the SSN account, harmed plaintiff when consistent with his contracts managed by the account, he moved money at the direction of the husband. Okay, this is JMML, so we have a jury verdict that has found a breach of fiduciary duty.  Okay, so you've got a pretty steep climb here when we have jury factual findings. And it seems to me that your client had fiduciary obligations to both spouses and ignored all of the communications from the wife while quickly responding to the communications from the husband. Couldn't the jury find that that was a breach of fiduciary duty that ended up harming the wife because the entire proceeds of the account were put out of her reach? So there's two questions there and I'm going to address each in turn. As to whether the jury could have found a breach of fiduciary duty, the duty that was owed here was always defined by the contract to both the husband and to plaintiff. And so as a matter of the law, he could not place one over the other. But he did and the jury could find he did because as wife says, give me advice, can we split these equally? No response. Husband says, quickly shift all the money into my account in bail so I can send it to Mexico where she won't have any ability to access it. And bam, it's gone. As a matter of fact, the money was not actually shifted to his account in bail. It was the joint account in bail that he didn't even, she didn't know it had been moved. In fact, he waited until she said, oh, I'm driving to Colorado. And then they did it. And husband immediately shifted the money into a Mexico account which she had no access. Respectfully though, I think that's the distinction that matters here. Is that even if we assume, I won't concede, but we assume a breach of fiduciary duty, the harm is not, there is no harm to her by the actions that my client took. Because my client acting consistent with the client services agreement. I believe there's an email where the brother says to the financial advisor, the husband says, and I'm going to move it then once you send it to me to my account in Mexico. So it's certainly foreseeable what's going to happen. But the act itself, foreseeable or not, is to move money from a joint account to a joint account, which she authorized him to do. And the money he... You're totally ignoring the fiduciary duty. All the contract does is allow the defendant to move assets or money at the direction of one of the joint tenants. It doesn't say you have to. At the same time, there's a fiduciary duty to treat all the beneficiaries of the fiduciary duty equally. And that was not done here. And it's not just the transfer of the funds. It's the, maybe even more importantly, it's the denial of information. She, after this happened, she apparently had the authority to change the arrangement so that she had to approve any transfer of funds. Am I correct about that? Am I reading that correctly? She changed it so that no longer could funds be moved without her consent. Correct. Post-transfer. Yeah. Well, what do you think she would have done if she knew what your client knew was going to happen with this money? She would have changed the rules so it couldn't be done without her consent. But you've got an incredible burden, at least with me, to show that your client treated the two joint tenants fairly, that they were treated similarly. That's in Colorado law. What's the language in the case that they must be… There's a duty to deal impartially with the beneficiaries. With beneficiaries. And if it's the Payne-Weber case, the Payne-Weber case deals with a duty to deal… And it's just taken from restatement of torts. Or agency, I'm sorry, I don't remember which restatement it is. I believe it's from torts. Okay. Regardless, here they were viewed as a joint client, and that's what they agreed to in the SSN agreement. But he didn't treat them equally. Every time the husband said anything, he responded and ignored the wife. He shared all the wife's communications with the husband and kept completely silent when the husband says, send it to me so I can transfer it to my account in Mexico. I believe the email says to us in Mexico. He says to Vail, and he says so I can transfer it back home here to Mexico. There's no suggestion that it's so I can share it with her. I mean, I honestly, I'm as tough a sell as my colleague here. And I think what I want to impart to this court is that even if we find or as we affirm the jury's breach of fiduciary duty finding, at the end of the day, a joint tenant account is exclusive control over all of the funds. So Michael, or the husband here, had the right to move those funds regardless. But couldn't have done it without the assistance of your client, and couldn't have done it without your client's breaching your client's fiduciary duty to the plaintiff. But the duty is joint in the sense that they authorized him to act on the instruction of either account holder. But what's your authority for your statement that the fiduciary duty was limited solely to what was contained within that joint account agreement? Because what Judge Hartz is asking is under Colorado law, the fiduciary duties is much broader than that. So you made that statement to say, well, it's only contained within the contract. What's your authority for that? The fiduciary duty here, there's not an otherwise common law fiduciary duty because it is the contract here that defines that duty. Well, if the contract said that your client had to comply, must comply with a direction from one of the joint tenants, you'd be in very strong ground. It uses the word may. It does. But I also don't think that there was ever a request from her. There was a request for information, but there was not a request to transfer the funds. Well, there was a request. She said, what can I do? Can we split these accounts 50-50? She expressed to her financial advisor, I don't really know. She made it very clear. I want to be fair. I want to split everything 50-50. And instead of responding to her request, he forwards her emails to the husband and then facilitates the husband taking 100% of the account. I see causation in terms of damages, and I see a clear breach of fiduciary duty. Turning then with the remaining time I have, I want to briefly discuss the prejudgment interest issue. Because here, even if this court affirms the jury's verdict, the judgment, the award of prejudgment interest should be reversed. Because the request for that prejudgment interest was never timely made. What federal rule of civil procedure addresses expressly prejudgment interest? There is not one. Ah. So it's pretty vague. I don't believe it's vague, Your Honor, because what we do know is that the motion that was made here, pre-entry of judgment, was made pursuant not to a specific rule, but sought relief consistent with Rule 58. And in fact, the only case that is cited in that motion relies on 58 to request the prejudgment interest. What that motion asked for was entry of judgment with interest. What happened on day 150, and there was no separate document, is that that motion was in part granted final judgment entered, but then denied in part because there was no prejudgment interest awarded. Prejudgment interest is a component of the actual damages in the case. So you agree with that, right? It is a component of damages, yes, but it still has to be properly— And it had not yet been decided by the district court. Correct. And in fact, I believe your client contested the prejudgment interest amounts, necessitating the district court then to have to go through and make additional findings and analysis, right? Correct. But the need to make additional findings doesn't mean that it would have survived the constructive entry of judgment. Because if that's the case, then the 150-day rule becomes meaningless because it never actually effectively prevents the cases from languishing. You're conflating two things about a final judgment. There's a substantive component and a procedural timeliness component. Correct. Substantively, you don't have a final judgment unless all the claims have been disposed of. Maybe you heard us discussing that earlier. I did. In this case, there was a motion to award interest, prejudgment interest. That was never disposed of. There was never substantively a final judgment. What you're referring to, the 150-day rule, can't change whether there's substantively a final judgment. It just determines when everyone knows that the time to file post-judgment motions or the time to appeal, those things occur. But the 150-day rule, the separate document rule, cannot convert a substantively non-final judgment into a final judgment. And that's what your argument is. The 150 days elapsed. So as a result, there's a final judgment, and the request for prejudgment interest has been denied. But no. Respectfully, Your Honor, I think it's more nuanced than that. And the briefs make it more nuanced than that. I'm aware of the analytical difference between a 28 U.S.C. 1291 finality and what Rule 58 does. The judgment here, the jury verdict on the docket, was final. Yes. That is a substantively final judgment. And that would direct the court to the Garcia case. That's true. It was a final judgment because there was nothing pending. There had been no request for prejudgment interest at that time. But then there was a motion filed after that by the plaintiff seeking prejudgment interest. And that, oh shoot, I always forget the right word, but the finality was suspended. What's the word? So it was no longer final. As soon as that timely motion after the judgment was filed, there was no longer final judgment. And it wouldn't be final until interest had been disposed of. If it were a proper Rule 59 motion, yes. Don't we have the discretion to treat it as a 59 motion? We have a million cases that say you can call your motion anything you want, but we are going to treat it as what it is. Those cases, none of them have ever been used to convert a motion with prejudgment interest. They've all been motions to reconsider the merits of a claim. More importantly, you would have to really dig deep to look at that motion and say that it was a motion to reconsider or a motion appropriate for a Rule 59 characterization. All that it asked for was entry of judgment with prejudgment interest and cited to a case referring to Rule 58. Substantively, I don't see the difference. I think being awfully technical in this area, we're very non-technical. The caption, we look at the substance of what's being requested. And here the plaintiff said, okay, I won. We didn't really discuss interest, maybe through oversight, maybe plaintiffs should have argued it before, but I'm going to request that you consider prejudgment interest and enter in judgment or an amended judgment with prejudgment interest. And I don't see how we can not construe it that way. Because in this situation where you have constructed entry of judgment, if we construe it to be the way that it was drafted, if we construe it to be anything similar to Rule 59, then the finality that the 150-day rule is intended to impart becomes meaningless because now we don't know when the final judgment occurs. And then cases will continue to languish. It will languish until the judge disposes of all the claims. That's always the case. It's going to languish until the case is disposed of. Then you have a substantively final judgment. You don't let that languish anymore. The separate document rule requires entry of a separate document. And if the judge neglects or for some reason it's not done, the 150-day rule says, okay, now you're fine. Now you know this is a set date. If you're going to file a post-judgment motion or you're going to appeal, this is the start date for that. It has nothing to do with clarifying when the end is because you've disposed of all the claims. That 150-day rule has nothing to do with the substantive finality of the judgment. May I respond? Of course, yes. I want to be educated. If you can show me where I'm missing. I understand the distinction between the substantive finality and the Rule 58 finality. The best case I can offer this court is the Garcia case, Garcia v. Burlington Northern, where there was an entitlement to prejudgment interest. There was a request for prejudgment interest. Final judgment entered. Nobody asked for anything. Judgment entered. Was that the decision of this court? It is. I believe it's a 2000. Was it by Judge McKay? I can't remember the name of it. I believe that is correct. It's 818 Federal Second 713. That's a great case for you. It's exactly such a circumstance, but it's what we call a drive-by jurisdictional ruling. You won't find one word in that where they discussed whether that really was a final judgment or not. It was not a final judgment. I think what they say was the plaintiff treated this as a final judgment and filed a notice of appeal. There's no substantive ruling. There was not a final judgment in that case, but it's a great case for you. It just doesn't stand for that point because it was never discussed, and it was wrong. But the point that I think it does make is that if something enters after you have requested prejudgment interest, so here, what was requested in that motion for prejudgment interest was entry of judgment with prejudgment interest. Constructively, judgment entered. Part of that relief was granted. What needed to be renewed was the request for prejudgment interest, because by operation of law, the motion was disposed of. No, it wasn't. You won't find any case, any correct case, that says a motion is disposed of by the 150-day rule. It cannot affect the substantienality of the judgment. I mean, a very interesting brief you wrote. But it starts from a premise which just isn't the law. If this court has no further questions, I would ask that the judgment be reversed, remanded in my client's favor, or alternatively, the prejudgment interest award be vacated. Thank you. Thank you. May it please the court. My name is Anthony Goelz. I represent the plaintiff, Appleby, Ms. Murphy. We would ask the court to affirm the judgment in this case. When I say the judgment, I mean the real judgment, the two-page final judgment set forth on a separate document in compliance with Rule 58 on June the 28th of 2023. Now, there are three points I'd like to address on the finality issue. There are three key reasons why none of the instruments that the defendant relies on can be a final judgment in this case. For the first point, there's an opinion I came across that's not cited in our brief. It's cited in the Rule 58 Advisory Committee notes. It's the Supreme Court's opinion and the Schaeffer Brewing Company opinion. Citation is 356 U.S. 227. What year? Excuse me? What year? 1958. Thank you. That opinion involved trying to determine whether something that was not a final judgment nonetheless qualified as one. And what the Supreme Court looked at in that case was two factors. Number one, does it embody the essential elements of a judgment? And number two, does it clearly evidence the district court's intention that that would be the district court's final act in the case? Now, we raised these points in our brief that the verdict itself cannot be a final judgment because it did not address the pending request for pre-judgment interest. And there's a good reason why it could not and did not address that. You don't ever submit pre-judgment interest issues to the jury because this court and Colorado state courts have recognized that bound up within the termination of pre-judgment interest awards are purely legal issues, questions of law for the court. And in this case, they can't even say that the verdict implicitly addressed the entitlement to pre-judgment interest. They might have been able to because, again, it's our contention that pre-judgment interest in this case was mandatory. But, Judge, as you pointed out, they disputed two key legal issues in this case, right? Number one, they disputed the approval date. That had to be determined by the district court. So his calculation wasn't purely ministerial. Number two, they contested the compounding of interest. They said it should not compound on pre-filed interest. Now, because of that, those issues remained outstanding for the court to determine until June 28, 2023, when he finally entered his order ruling on post-trial motions. Now, the problem, most of what you said makes sense. But verdict ordinarily, when it's entered, is a final judgment as long as it's addressed the issues that have been presented. No one had argued. Was there a pleading requested? The pleading requested it. Yes, Your Honor. It was properly applied. And the district court's pretrial order also mentioned that we still had a pending request. I don't want to call it a claim, but to an extent we can call it a claim or a request. It was pled. So even without the motion… So if someone had appealed the verdict, we would have to send it back down and say not all the issues raised here have been resolved. Yes, Your Honor. Even without the motion. But certainly the motion was the icing on the cake, right? And I'm sorry, but this is such a gotcha argument if I've ever heard one. That we were required to renew a motion that we filed less than two weeks after the jury returned its verdict, and we didn't act prudently because we didn't know we didn't have to renew it? I mean, we prudently and timely raised the issue of pre-judgment interest not only in our pleadings but with the post-trial motion. So it bothers me that that argument is being made. It's one thing if an appellant is saying, hey, court, we're just trying to be prudent here. We don't want to blow our appellate deadlines. We don't really think a final judgment is entered, but we can't say for sure. And we can't confer jurisdiction on the appellate court by agreement. But it's another thing to then turn that into a sword and say that the prevailing party of trial can't even request or can't even obtain pre-judgment interest because they didn't renew their motion that had never been ruled on? I mean, and we raised this in our brief as well. No reasonable lawyer is going to look at a docket and construe a verdict as a judgment such that he's going to have to take some sort of post-judgment actions within the contemplation of the rules. I mean, for one thing— Why do you say that? Ordinarily, wouldn't the verdict, once it's entered, and the rules provide for the—  Why in the ordinary course of things wouldn't you take that entry by the clerk? Well, maybe you should fill me in on practice. What usually happens on a jury verdict in the federal district courts here? Because I'm not familiar with the practice. Is a separate document entered after the verdict? It's supposed to be, and I believe so. I would hope that happens in the vast majority of cases. Although reading some older 10th Circuit opinions, apparently it was a frequent occurrence that you would have a memorandum or a decision but not a separate document final judgment. Yeah, I'm not talking about a jury verdict. Yes. Because the rules specifically provide for the court to enter judgment unless the district court says otherwise. So that's why I would have thought that what was done here when the— before the clerk entered on the docket. But I would have thought that once the clerk does that after a jury verdict, that satisfies on its face the requirements for a final judgment. The reason it wouldn't have been a final judgment in this particular case is because the verdict didn't dispose of all the claims. That's right. But what I would point to is just the lack of decretal language, right? Typically when you see a decision by a court, it's an act of the court, right? When you look at the verdict form, it's merely an act of the jury. We, the jury, find this false. So ordinarily after a jury verdict in a civil case, there's a document with decretal language in it that is filed? Yes, Your Honor. I would hope so, and I believe so. Yes, Your Honor. You've seen those? Yes. Well, I mean, this case— That was clear to me from the rules. I'm sorry. This case presents an example where if you have a two-page final judgment rendered following a jury verdict, not immediately after once all of the outstanding issues were disposed of. Okay, you're talking about, well, after 150 days and all. But actually, okay. Well, and certainly, even if you have a docket entry and the docket entry simply said judgment on the verdict, that at least conveys some sort of intention by either the court or the clerk to render judgment. It would. I'm just wondering what happens. It's not clear to me reading the rules what should happen. It is my understanding that following a jury verdict, and certainly what Rule 58 contemplates, is that the clerk or the court, depending on whether it's a general or a special verdict, is supposed to initiate the action with regard to the entry of a separate document, final judgment. Now, the basis for their constructive entry of judgment argument in this case is simply passage of time. And this case has rejected that argument in Utah v. Oregon. It's cited in our briefing where, as you pointed out before, the 150-day rule cannot be used to transform something which is not otherwise a final decision into one. Right? And if we look at the verdict, if we look at the courtroom minutes, there's no evidence of an intention by the courts to render judgment even on the verdict itself. Right? All he did was he read the verdict once it was returned. And far from evidencing an intent that that would be the final act in the entire case, maybe the trial itself, but certainly not the overall case. Well, if there hadn't been a motion for pre-judgment interest, then would the 150 days have transformed the jury verdict into a final judgment passage? So it's pled in the early pleadings but not asked for by motion? Yeah. I think no. I would answer no. So you forever wait for the successful party to file a motion? I mean, that seems... I mean, hypothetically, yes, but that's not what happened here because we acted diligently. Well, I'm not asking. I'm trying to figure out how the rules work. Yeah, pre-judgment interest. You have a rule that says after 150 days, it's deemed to be a judgment entered. And you have a prevailing party who never got around to making a motion for interest. I mean, wouldn't that 150 days in that instance? There's nothing pending. You've got finality, substantively. I think the principle that might apply in that instance, Your Honor, is something like laches, that you've waited so long to request the release that you've maybe implicitly waived it. But I don't know that automatically the 150-day rule would start upon the... Well, you still wouldn't have substantively final judgment when there is a claim that was pleaded and has not been resolved. That's right. So what would happen is you'd wait around, or opposing party would wait around forever before filing a notice of appeal. That's unlikely. And then when a notice of appeal is filed, then the issue of whether there's a final judgment or not gets considered. And this court might well, the clerk's office might look through this and say, hmm, you haven't resolved this, dismissed, dismissed the appeal. You know, and that's what's interesting about prejudgment interest, right? If this were a claim that's not submitted to the jury, it's deemed waived, right? But prejudgment interest isn't submitted to the jury because it's purely a legal issue, so it's kind of its own little animal. I want to say that I came across in some of the cases that were cited in the briefing, and I don't have them at the tips of my fingers right now, but I want to say in one of the cases, that was the principle that the court had relied on for denying prejudgment interest, is saying that you had simply waited too long to ask for it. Do I have it right, though, that here it was the prejudgment interest was still to be calculated, to be decided, but also that the defendant filed a motion for 50B that sort of the district court then had to dispose of? That's correct. And that was filed at what point in time in relation to the 150-day clock, do you recall? It's my understanding that they filed it when they contended that the 150-day time period had run, and that when they filed their initial notice of appeal, they also filed a full 50B motion. I think they dropped a footnote in it about the 150-day rule. So turning to the state law claim on breach of fiduciary duty, there are two admissions made by the defendant that are fatal to his arguments on the 50B motion. The first is that they admit that the plaintiff had an ownership right to all $2.5 million of the funds that were transferred, uncontested. They merely focus on this point on, well, you know, Michael had the ability as a joint tenant and under this agreement to gain a liability request to transfer. And again, that completely ignores everything that preceded it. I mean, Judge McHugh, you pointed out yourself, March 22nd, she asked for half. I don't know how that request could have been more clear. Well, it could have been more clear. But we have a liability. We don't have a swearing match, right? I mean, she said what she said in the email. And, you know, the point was, yes, she had the right to ask for the distribution. He should have answered their question. And the important thing to remember in this case is that his admitted fiduciary duties to the plaintiff are not lessened, merely because he's dealing with a family member. And it seemed to be his train of thought seemed to be, well, it's just my sister-in-law. You know, if this were a corporate trustee, would this behavior be excusable? Absolutely not. If you ask a specific question. I think you've got it backwards. I think it would be more suspicious because it was his sister-in-law. Well, but then there's also that familiar relationship, right? They're so close. There's that level of trust that has been built up over decades, right? And you lessen your guard. She implicitly trusted that he would do the right thing. But the point is, the only reason that he had the ability to unilaterally request funds on March 30th is because he had failed to comply with his fiduciary duties in response to the three emails that she had sent prior. And we know from the record that the first thing she did when she returned to Colorado and hired an independent investment advisor was she changed the authorizations on the account. And guess what? Nothing more came out of that account until the family court ordered that there be a distribution to her. That's how we know the breach has made a difference in this case. But for his conduct, the loss of the money never would have occurred. And that's the thing that they keep ignoring. They want to point only to that contract provision that was in place only because, only was allowed to survive because he breached his fiduciary duties. And so again, we think the evidence is clear of trial that, as the jury found, the evidence shows that he had breached his admitted fiduciary duties to the plaintiff and those breaches were a cause of the $600,000 in economic damages found by the jury. So we would ask that the court affirm the district court's judgment in full. I have to ask about the elephant in the room on damages. The record shows that all evidence regarding the divorce proceedings was excluded from trial. Why wasn't all this taken care of in this division of property in the divorce proceeding? That's the real question to me about whether there was damages or not. But it's not presented to us. There's nothing I can do about it. Right. I think it's outside the record as well. It's just very confusing. Is there anything? All I can say is that... Can you at least say why the judge ruled that all the evidence of the divorce should be excluded? I believe it was on the grounds that would be unduly prejudicial, I believe. I might be mistaken, though. It would seem to have a lot to do with what the damages were. My understanding, though, is that, of course, part of the assets are in New Mexico. And I think I'm authorized to say based on the record that she was never fully made whole based on the marital estate. But beyond that, I think it's outside the record, honestly, Your Honor. But what we do know is that he took the $2.5 million and that she never got any part of that back. I mean, that's undisputed. Thank you. Thank you. Case is admitted. Counsel are excused. We'll be in recess until tomorrow at 8.30.